Argued and submitted December 20, 1979,
reversed and remanded February 19, 1980

# CLINKENBEARD,
*Petitioner,*
*v.*
# STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB No. 78-4009, CA 15283)

605 P2d 1390

William D. Cramer, Burns, argued the cause for petitioner. With him on the brief were A. Duane Pinkerton II, and Cramer & Pinkerton, Burns.

Darrel Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

[583]

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this Workers' Compensation case it is not necessary to detail the somewhat complicated medical and procedural record. At issue is the compensability of the diseases diabetes mellitus and lupus erythematosis, from which claimant began to suffer following his having contracted viral pneumonia, a compensable occupational disease arising out of and in the course of his employment.

Following a determination order in May, 1976, claimant filed a request for hearing alleging that he was entitled to further medical care and treatment, including payment of medical expenses, continuance of temporary total disability benefits and an award of permanent disability. After the request for hearing was at issue, claimant and SAIF entered into a stipulation which recited that the parties were desirous of settling the request for hearing and "all issues raised and raisable thereby." This stipulation provided that the parties agree as follows:

> "That the claimant's claim shall be reopened as of March 17, 1976 for the payment of temporary total disability benefits, including payment of all treatment which resulted from the diabetes and from the lupus erythematosis;
>
> "That when claimant is found to be medically stationary the claim shall be closed pursuant to ORS 656.268 by the Evaluation Division of the Workmen's Compensation Board."

Approximately one year after the stipulation was entered into, SAIF denied compensation for the diseases in dispute. After hearing, the referee upheld the fund's denial, concluding that SAIF had not accepted the diseases as compensable. On review, the Board affirmed, adopting the opinion and order of the referee.

As we read the stipulation, the question of compensability is no longer open. The only question, assuming claimant is now medically stationary, is the extent of

[585]

disability to be determined upon closure pursuant to ORS 656.268.

Reversed and remanded for a determination of the extent of claimant's disability.